**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **HUSSAIN KAREEM,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 3:09-cv-2189-M-BF |
| § | |
| **AMERICAN HOME MORTGAGE** § | |
| **HOLDINGS, INC., et al.,** § | |
| § | |
| Defendants. § | |

**FINDINGS AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Re-Open and Amend Complaint, referred to this Court by the District Court's Order of February 2, 2010.

Plaintiff moves to reopen this case, which was voluntarily dismissed on January 10, 2010. Plaintiff asserts that pursuant to Federal Rule of Civil Procedure 41 he may, within six months of dismissal, reopen a case that has been voluntarily dismissed as of right; however, Rule 41 contains no such provision. Other courts faced with motions to reopen suits that have been voluntarily dismissed have considered them under Federal Rule of Civil Procedure 60. *See Chang v. Smith*, 778 F.2d 83 (1st Cir. 1985); *United States v. Mt. Vernon Mem'l Estates, Inc.*, 734 F.2d 1230, 1235 (7th Cir. 1984) (noting that "a district court has the authority under Rule 60(b) to vacate a voluntary dismissal and reopen the case."); *Boehm v. Office of Alien Property*, 344 F.2d 194 (D.C. Cir. 1965); *see also Eleby v. American Medical Systems, Inc.*, 795 F.2d 411, 412 (5th Cir. 1986) (reviewing motion to reopen 41(b) dismissal as a Rule 60(b) motion). Therefore, the Court will treat Plaintiff's motion as a Rule 60(b) motion.

"The decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the

district court and will be reversed only for abuse of that discretion." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (quoting *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc)).  In exercising its discretion, however, the Court must remember that "relief under Rule 60(b) is considered an extraordinary remedy." *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005). A court should be particularly hesitant to grant Rule 60(b) relief where the plaintiff seeks relief from his or her voluntary actions, even where those actions were based on a misapprehension of the law. *Id*. at 192-93.  "Accordingly, federal courts have consistently . . . [refused] to grant a party who voluntarily requests dismissal of a claim . . . relief from that judgment under Rule 60(b)." *Id*. at 193. Plaintiff here presents no reason here to depart from the general rule, instead relying on a nonexistent right to reinstate under Rule 41.

Nor would a similar motion to alter or amend judgment succeed, although Plaintiff's motion, filed within 18 days of the dismissal, would have been timely filed.  FED. R. CIV. P. 59(e) ("A motion to alter or amend the judgment must be filed no later than 28 days after the entry of judgment.").  In this Circuit, there are four grounds to invoke Rule 59(e): 1) an intervening change in controlling law; 2) the availability of new evidence not previously available; 3) the need to correct a clear error of law; and 4) to prevent manifest injustice.  Plaintiff has presented none of the above for grounds of relief.

The Court therefore **RECOMMENDS** that Plaintiff's Motion to Re-Open and Amend Complaint be **DENIED.**

**SIGNED, March 15**, **2010.**

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.   *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).